

Jonathan D. Goins
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Jonathan.Goins@lewisbrisbois.com
Direct: 404.991.2160

February 19, 2026

**VIA ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

      Re:    *Smoothie King Franchises, Inc. v. Best Smoothie Inc., et al., No. 25-10800*

Dear Mr. Smith:

Appellants-Defendants Monjovic, LLC and Jean Victome respond to Appellee-Plaintiff Smoothie King's February 12, 2026 Rule 28(j) letter citing *Sabal Trail Transmission, LLC v. 3.921 Acres of Land in Lake County*, 947 F.3d 1362 (11th Cir. 2020).

This Circuit should strike the letter as an improper use of Rule 28(j) because the cited *Sabal* decision was decided in 2020—nearly six years before briefing concluded—and thus did not "come to [Appellee's] attention after the party's brief has been filed," as the rule requires. Fed. R. App. P. 28(j). Indeed, Appellee cited *Sabal* in its responsive brief on this very same fee issue, (Dkt. 26 at 66–67), and had full opportunity to address it then. *See Underwood v. City of Bessemer*, 11 F.4th 1317, 1321 (11th Cir. 2021) ("The letter reasserts arguments from the briefs and cites to cases that were available . . . before oral argument, and so we agree that it exceeded the scope of Rule 28(j)."). The letter violates Rule 28(j) and should therefore be struck. *See United States v. Morales*, 560 F.3d 112, 115 (2d Cir. 2009).

In any event, the letter misapprehends *Sabal* as the opinion does nothing to undermine this Circuit's jurisdiction over the fee award. In *Sabal*, this Circuit lacked jurisdiction because the appealable evidentiary issue (admissibility of lay witness opinion testimony) clearly bore no relation to the fee question—whether the court's authority to award fees arose under state or federal law. 947 F.3d at 1371–72.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND •MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

David J. Smith
February 19, 2026
Page 2


Here, by contrast, the merits questions on appeal—including whether Appellants had knowledge of an injunction and conspired to infringe Appellee's rights under the Lanham Act—are inextricably intertwined with the fee question, which turns entirely on the district court's "exceptional case" finding also under the Lanham Act. 15 U.S.C. § 1117(a); *see Tobinick v. Novella*, 884 F.3d 1110, 1118 (11th Cir. 2018) (exceptional-case turns on strength of litigating positions). Because the fee question directly overlaps with the strength and validity of Appellants' merits questions on appeal, it is subject to this Circuit's appellate jurisdiction under *Sabal*. (*See* Dkt. 21 at 30-40, 55-58).

Sincerely,

Jonathan D. Goins

*Counsel of Record for*
Appellants Monjovic, LLC and Jean Victome

David J. Smith
February 19, 2026
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, the foregoing document was filed with the Clerk of Court using the CM/ECF System. Counsel for all parties are registered CM/ECF users and will be served with the foregoing document by the Court's CM/ECF System.

*/s/ Jonathan D. Goins*
Jonathan D. Goins
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
(404)-991-2160
jonathan.goins@lewisbrisbois.com